IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ELVIS MOTA, #53342-054**                                                            **PETITIONER**

**versus**                                           **CIVIL ACTION NO. 5:13-cv-234-DCB-MTP**

**BARBARA WAGNER, ERIC H. HOLDER, JR., and**
**CHARLES E. SAMUELS, JR.**                                        **RESPONDENTS**

### ORDER OF DISMISSAL AND IMPOSITION OF MONETARY SANCTION

This matter is before the Court, *sua sponte*, for consideration of dismissal and imposition of sanctions. On December 18, 2013, Petitioner Mota, a federal inmate currently incarcerated at the Adams County Correctional Center (ACCC), Natchez, Mississippi, filed this *pro se* Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Upon liberal review of the Petition and Mota's previous habeas cases, the Court has determined that this petition will be dismissed as an abuse of the writ.

### I. Background

Petitioner was convicted of conspiracy to distribute and possession of a controlled substance with intent to distribute in the United States District Court for the Southern District of New York and sentenced to serve 130 months in the custody of the Bureau of Prisons, followed by a 4-year term of supervised release. *U.S. v. Mota*, No. 1:05-cr-1301 (S.D. N.Y. Jan. 30, 2007). Petitioner's conviction and sentence was affirmed by the United States Court of Appeals for the Second Circuit. *See U.S. v. Mota*, No. 07-0221 (2nd Cir. June 24, 2008).

A court may "take judicial notice of prior habeas proceedings brought by [a petitioner] in connection with the same conviction." *Bryson v. U.S.*, 553 F.3d 402, 404 (5th Cir. 2008). The Court specifically takes judicial notice of two of Mota's previous § 2241 cases, *Mota v. Wagner*, No. 5:13-cv-207 (S.D. Miss. Oct. 31, 2013)(finding abuse of the writ and imposing $200.00 sanction); and *Mota v. Laughlin*, No. 5:13-cv-27 (S.D. Miss. Apr. 12, 2013)(finding abuse of the writ and imposing $100.00 sanction), including the detailed procedural history of Mota's federal court filings found in both of these cases.

Mota's current petition, his seventh attempt at habeas relief in this Court, is yet another challenge to his federal conviction and sentence. He fails to assert any new grounds for habeas relief, instead he simply repeats the claims presented in his previous filings and reiterates his belief that his detention is "arbitrary, prolonged, and indefinite." Pet. [1] at 7.  As relief, he is requesting release from incarceration. *Id.*

## II. Abuse of the Writ and Sanctions

A district court may *sua sponte* raise the issue of a repetitive petition or abuse of the writ. *Williams v. Whitley*, 994 F.2d 226, 231 (5th Cir. 1993).  The Court finds that the repetitive claims presented in the current petition are an abuse of the writ. *See Davis v. Fetchel*, 150 F.3d 486, 490-91 (5th Cir. 1998); *Falcetta v. U.S.,* 403 F. App'x 882, 883 (5th Cir. 2010); *Jennings v. Menifee*, 214 F. App'x 406, 407 (5th Cir. 2007).

Federal Courts have inherent powers "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).  Included in this inherent power is the authority to issue sanctions for abusive litigation practices. *Id.*  Mota has incurred monetary sanctions on two prior occasions.[1]  Most recently, this Court imposed a monetary sanction in the amount of $200.00, in *Mota v. Wagner*, No. 5:13-cv-207 (S.D. Miss. Oct. 31, 2013).[2]  When Mota filed the instant habeas case, an Order [3] was entered directing him to submit payment of the $200.00 sanction within 21 days.  To date, this sanction has not been paid.  However, the Court has determined that the interest of justice would not be served by dismissing the

---

[1] On June 12, 2013, Mota paid the $100.00 sanction imposed in *Mota v. Laughlin*, No. 5:13-cv-27.

[2] The memorandum opinion and sanction order [2] also contained the following warning:
Mota is cautioned that if future habeas petitions are repetitive or raise issues already decided by the Court, these petitions will be found to be an abuse of the writ and will lead to the imposition of sanctions, including but not limited to **increased monetary fines** or restrictions on his ability to file *pro se* actions in this Court.

instant habeas petition for Mota's failure to comply with a court order, since payment of the existing $200.00 sanction would not alter the fact that the current petition is an abuse of the writ worthy of sanctions in its own right.  Since Mota has clearly demonstrated that warnings and monetary sanctions of $100.00 and $200.00, will not deter him from filing repetitive habeas corpus petitions, the Court finds that a monetary sanction in the amount of $500.00 should be imposed for his repetitious federal filings challenging his conviction and sentence.  Accordingly, it is hereby,

**ORDERED AND ADJUDGED** that the repetitive claims presented in this habeas petition are deemed to be an abuse of the writ and this case will be dismissed with prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that Elvis Mota is required to pay a monetary sanction in the amount of $500.00, payable to the United States District Court for the Southern District of Mississippi, c/o Clerk of Court, 501 E. Court St., Suite 2.500, Jackson, MS 39201.  Payment of this sanction is due immediately and should be accompanied by a cover letter clearly stating that the payment is for the sanction issued in civil action number 5:13-cv-234-DCB-MTP.

**IT IS FURTHER ORDERED AND ADJUDGED** that Mota is cautioned that if future habeas petitions are repetitive or raise issues already decided by the Court, these petitions will be found to be an abuse of the writ and will lead to the imposition of sanctions, including but not limited to **increased monetary fines and/or restrictions on his ability to file** *pro se* **actions in this Court**.

A separate Final Judgment in accordance with this Order will be issued.

SO ORDERED, this the 13th day of February, 2014.

    s/David Bramlette
    UNITED STATES DISTRICT JUDGE